Curia per
Johnson, J.
The arguments in support of the first position, are drawn principally from analogy in the operation of the bankrupt laws of England; and it is true, that an assignment under a commission has relation back to the act of bankruptcy, and all intermediate acts are avoided. But there are several very marked distinctions between this system and our insolvent laws. Tins operation is the effect of an' express provision of the statutes of bankruptcy. Our acts contain none such. The bankrupt laws are Tor the benefit of creditors — are compulsory on the debtor, and prevent him from doing an injustice to his creditors. Our insolvent laws are for the debtor, and enables him to discharge his person, to which, under the general law, his creditor was entitled, by assigning the whole, or so much of his estate and effects as will satisfy his creditors. In the ease of bankruptcy, the assignment is effected' by operation of law; in the other, it is the voluntary act of the party. The judgment or order of the Court of Appeals could not, therefore, operate as an assignment, either at the instant, or by reference back to the date of the assignment made by Krebbs. The second position is equally untenable. The assignment made by Krebbs, was in conformity with the order made by the recorder, in which the horse in ques» *408 tion was expressly excepted and reserved to him, and the effect contended for would be in direct' opposition to the order itself, and the intention of Krebbs, and would gi< e the act a compulsory, and not a voluntary operation.

Nonsuit sustained.